## Martin B. Bailey, Adm'r, v. David Larrance et al.

1. WAIVER—*Of Life Estate by Silence.*—A bill to reform and correct two deeds averred that the deeds were delivered November 1, 1896, and that Moses Larrance died November 3, 1896, and Nancy, his wife, in 1901, and that it was intended by the grantors to reserve a life estate to Nancy, but by mistake this reservation was omitted from the deeds; that this mistake was known to the grantees, and unknown to the grantors; that soon after the death of Moses Larrance the defendants filed

the deeds for record and entered into the possession of the premises to them respectively conveyed, and thereafter claimed to be the absolute owners in fee, free from all claim, right or title of their mother, Nancy, equitable or legal, and continued in such possession and claim, and received the rents, issues and profits thereof, until the death of the mother, rendering to her no account of the same. and paying nothing of the rents to her. *Held*, that in the absence of any averment in the bill that the mother claimed any interest in the premises, or in the rents and profits thereof during her lifetime, or made some request or demand concerning the same, it will be presumed that she waived her life estate in favor of defendants, and acquiesced in the deeds as they were made and appeared of record.

2. Administrator—*Has No Concern in Perfecting the Title to Real Estate.*—An administrator has no concern in perfecting the title to real estate. None but the heirs or creditors, if they should be interested, can file a bill to correct the title.

**Bill to Reform and Correct Deeds.**—Appeal from the Circuit Court of Vermilion County; the Hon. Ferdinand Bookwalter, Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

Lawrence & Lawrence, attorneys for appellant.

H. M. Steely, attorney for appellees.

Mr. Presiding Justice Wright delivered the opinion of the court.

This was a bill in equity filed by the appellant as the administrator of Nancy Larrance, deceased, to reform and correct two certain deeds severally conveying lands to appellees, executed by Moses Larrance and his wife while in life, and delivered separately to the appellees, David Larrance and Emily Canady, who were the children of the grantors. It is averred in the bill that the deeds were delivered November 1, 1896, and that Moses Larrance died November 3, 1896, and Nancy, his wife, in 1901; and that it was intended by the grantors to reserve a life estate to Nancy, but by mistake this reservation was omitted from the deeds; that this mistake was known to the grantees, and unknown to the grantors. That soon after the death of Moses Larrance the defendants filed the deeds for record and entered into the possession of the premises to them

respectively conveyed, and thereafter claimed to be the absolute owners thereof in fee, free from all claim, right or title of their mother, equitable or legal, and continued in such possession and claim, and received the rents, issues and profits thereof, until the death of the mother, rendering to her no account of the same, and paid nothing of the rents to her. The court sustained a demurrer to the bill, and gave its decree dismissing the same for want of equity and to reverse such decree the present appeal is brought.

We are of the opinion the action of the court in sustaining the demurrer and dismissing the bill was right. The administrator had no concern in perfecting the title to real estate, for it is the familiar law that none but the heirs or creditors, if they should be interested, could file the bill to correct the title. The bill also avers that the appellees took possession, after filing their deeds, and thereafter claimed the absolute ownership of the land adversely to their mother. All persons were bound to know the contents of the deeds after they were filed for record, who had or might claim interest therein. In the absence of any averment in the bill that the mother claimed any interest in the premises, or in the rents and profits thereof during her lifetime, or made some request or demand concerning the same, it will be presumed she waived her life estate in favor of appellees and acquiesced in the deeds as they were made and appeared of record.

The decree of the Circuit Court will be affirmed.